# EXHIBIT A

08 CI 1738

| AOC-105<br>5-90 | | Case No. |
| --- | --- | --- |
| Commonwealth of Kentucky<br>Court of Justice | | Court_____CIRCUIT |
| | | County___JEFFERSON |
| CR 4.02; CR Official Form | CIVIL SUMMONS | |

CALICIA MAZE                                                                                        PLAINTIFF
3328 Northwestern Parkway, Apt. B
Louisville, Kentucky 40212-

                                                          VS.        JEFFERSON CIRCUIT COURT
                                                                     DIVISION EIGHT (8)

ZLB BIOPLASMA INC.                                                                                  DEFENDANT
1020 First Avenue
P.O. Box 61501
King of Prussia, PA 19406-0901

   Serve: CT Corporation System
          4169 Westport Road
          Louisville, KY 40207

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

   You are hereby notified that a legal action has been filed against you in this Court demanding relief as shown on the document delivered to you with this summons. Unless a written defense is made by you or by an attorney in you behalf within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

   The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: OCT 3 1 2008            Clerk: David L. Nicholson

                              By: _____ D.C.

**PROOF OF SERVICE**

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20____.

                              Served By: _____

DEFENDANT'S EXHIBIT A



**Service of Process Transmittal**
11/04/2008
CT Log Number 514044594

**TO:** Gregory A Boss, General Counsel
CSL Behring, L.L.C.
1020 First Avenue
King of Prussia, PA 19406-1310

**RE:** **Process Served in Kentucky**

**FOR:** ZLB Bioplasma Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Calicia Maze, Pltf. vs. ZLB Bioplasma, Inc. Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jefferson County Circuit Court, KY<br>Case # 8-CI-11738 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - On or about March 18, 2008 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Louisville, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/04/2008 postmarked on 11/03/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Loesevitz<br>1448 Gardiner Lane Sutie 301-303<br>Louisville, KY 40213<br>502-459-7555 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790128102833 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 4169 Westport Road<br>Louisville, KY 40207 |
| **TELEPHONE:** | 502-587-5960 |

Page 1 of 1 / MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

NO. 08 CI 11738

JEFFERSON CIRCUIT COURT
DIVISION _____ ( )

CALICIA MAZE　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF
3328 Northwestern Parkway, Apt. B
Louisville, KY 40212

**COMPLAINT**

v.

ZLB BIOPLASMA INC.　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT
1020 First Avenue
P.O. Box 61501
King of Prussia, PA 19406-0901

　　　　Serve: CT Corporation System
　　　　　　　　4169 Westport Road
　　　　　　　　Louisville, KY 40207

\*\* \*\* \*\*

Comes the Plaintiff, Calicia Maze, by counsel, and for her Complaint against the Defendant, ZLB Bioplasma Inc. (hereinafter "ZLB"), states as follows:

1. At all times relevant hereto the Plaintiff Calicia Maze was a resident of Louisville, Jefferson County, Kentucky.

2. At all times relevant hereto the Defendant, ZLB was a foreign corporation doing business in the Commonwealth of Kentucky, with its principal offices and place of business being located at the address set forth above.

3. Pursuant to CR 4.04(5) and all applicable rules and statutes regarding service of process, CT Corporation System is the designated registered agent for the Defendant, and is the proper party to be served with process in this instance.

4. At all times herein, ZLB acted by and through its authorized agents, servants, or employees who themselves acted within the course and scope of their duties for ZLB.

5. ZLB, together or separately with one or more other organizations, owns, operates or controls a plasma donation facility (the "Facility") located at 1517 Crums Lane, Jefferson County, Louisville, Kentucky 40216.

6. On or about March 18, 2008 the Plaintiff Calicia Maze submitted herself to the care, custody and control of the Facility for the purpose of donating plasma.

7. By accepting Calicia Maze into its care, custody or control ZLB assumed and undertook a duty to care to and for the benefit of the Plaintiff, including the duty to avoid injuring her and/or to affirmatively protect her from injury while under ZLB's custody and control.

8. As known to ZLB, Plaintiff was at a higher risk of suffering and sustaining injury, including injuries from falls, while under the supervision, custody, care and/or control of ZLB and its employees or agents.

9. ZLB knew or should have known of Plaintiff's increased risk of injury associated with plasma donation, including the increased risk of falls, while Plaintiff was under its care, custody or control.

10. Notwithstanding such knowledge, in a manner contrary to its policies and/or the applicable standard of care, ZLB failed to properly monitor, supervise, secure and/or otherwise care for Plaintiff.

11. On the date in question, Plaintiff was improperly and inexcusably left unattended by ZLB employees, agents or other authorized personnel, while in a weakened condition.

12. As a direct and proximate result of this inattention and negligence on the part of ZLB, while attempting to use the lavatory, Plaintiff lost her balance and fell, striking her face, head, and jaw forcefully on the floor of the Facility.

13. That the negligence and carelessness of ZLB as alleged above was a substantial factor in causing the Plaintiff to sustain permanent and serious injuries, including past and future medical expenses, past and future pain and suffering both as to her body and mind, lost wages, impairment in her power to labor and earn money, and such other damages as the evidence will show.

14. Plaintiff's claims exceed the minimum jurisdictional limits of this Court.

WHEREFORE, the Plaintiff, by Counsel, respectfully demands:

1. Judgment against ZLB in an amount sufficient to fairly and reasonably compensate her for her injuries and damages as specified herein;

2. Pre-judgment and post-judgment interest on any judgment awarded in this cause at the legal rate or rates under Kentucky law;

3. Her costs expended herein, including her reasonable attorney fees if and to the extent authorized by applicable law;

4. Trial by jury on all issues so triable; and,

5. All other relief to which she may otherwise be properly entitled, including but not limited to leave to amend this Complaint.

Respectfully submitted,

COOPER & FRIEDMAN, PLLC

_____
HAL D. FRIEDMAN
MICHAEL T. COOPER
1448 Gardiner Lane
Suites 301-303
(502) 459-7555
*Counsel for the Plaintiff*

3

JEFFERSON CIRCUIT COURT
DIVISION (9)

NO. _____          JEFFERSON CIRCUIT COURT
08 CI 11738           DIVISION ___

CALICIA MAZE                                                    PLAINTIFF

v.      **PLAINTIFF'S FIRST SET OF INTERROGATORIES,
        REQUESTS FOR PRODUCTION OF DOCUMENTS AND
        REQUESTS FOR ADMISSION PROPOUNDED
        UPON DEFENDANT ZLB BIOPLASMA INC.**

ZLB BIOPLASMA INC.                                              DEFENDANT

\*\*\*\*\*\*\*

Comes the Plaintiff, Calicia Maze, by Counsel, and requests the Defendant, ZLB Bioplasma Inc., to answer under Oath the following Interrogatories, produce the following Documents, and make a response to the following Requests for Admission within forty-five (45) days of service hereof and of the Complaint, pursuant to CR 33.01(2), CR 34.02(2) and CR 36.01(2).

These Interrogatories, Requests for Production of Documents, and Requests for Admission shall be deemed continuing. Knowledge of the attorneys for the Defendant or the claims agent or any other agent of the Defendant, or of any employee of the Defendant, shall be deemed to be the knowledge of the Defendant. Anything coming to your knowledge after filing Answers to these Interrogatories or Responses to these Requests, which would change your original answer or responses, should be contained in an Amended Answer or an Amended Response and served upon Plaintiff's attorneys immediately after the same is brought to your attention.

"You" or "your" as used herein and in the Interrogatories, Document Requests, and Requests for Admission refers to ZLB Bioplasma Inc., any parent companies, related companies (through common ownership, control or otherwise) or subsidiaries of ZLB Bioplasma Inc., all agents of ZLB

Case 3:08-cv-00624-JGH   Document 1-2   Filed 12/02/08   Page 8 of 18 PageID #: 11

Bioplasma Inc. (whether an employee, attorney, independent contractor, officer, director or otherwise) or any other company or entity related, in any manner, by common ownership or control to ZLB Bioplasma Inc., or otherwise connected by legal relationship, in the broadest possible sense, to ZLB Bioplasma Inc.

## INTERROGATORIES

1. Please identify the individual(s) answering these Interrogatories fully, including each person's full name, age, address, and office or other position(s) held with Defendant, ZLB Bioplasma Inc. or any related company. If any person contributing to the answers to any interrogatory or Request herein has ever been charged with or convicted of a felony, then in that event, identify the person and the charge and conviction by Court and Case Number.

ANSWER:

2. State all of your places of business, including the locations of all primary or related offices or facilities or places of business operation, and for each location, identify and explain the purpose of each such facility, the nature of its operations, and how it is related to ZLB Bioplasma Inc.

ANSWER:

3. State precisely and in detail the nature of your business activities, including the type of work performed, the size of your organization (number of employees), the number and type of persons you provide service to on a daily basis, your business history in the type of business you operate, and in as much detail as possible explain your business activities and practices at each of the locations identified in Interrogatory No. 2.

ANSWER

4. Identify all dates that the Plaintiff visited your facility identified in the Complaint.

ANSWER:


5. For all dates identified in Interrogatory No. 4, please state the name, phone number, home address, and position with the Defendant ZLB Bioplasma or any related entity of each and every individual who participated in or assisted Plaintiff in donating plasma at the Facility identified in the Complaint, or who otherwise cared for the Plaintiff or who was working on the date in question.

ANSWER:


6. State the names, addresses, telephone numbers and position with the Defendant of all persons having knowledge of any facts (including all claims and any defenses) relating to this lawsuit.

ANSWER:


7. For those persons identified in Interrogatory No. 6, state the facts each has knowledge of which are related to this lawsuit.

ANSWER:


8. Identify each person whom you expect to call as an expert witness at trial, stating the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary for the grounds for each opinion pursuant to CR 26.02(4)(a).

ANSWER:

3

9. Please identify any letters, reports, drawings, photographs, opinions, videos, transcribed statements, memoranda, emails and all other written materials prepared by ZLB, any related company or entity, and/or each person identified in your Answer to Interrogatory No. 8 which relates in any manner to the lawsuit or any claimed defense, and attach a copy of same hereto.

ANSWER:


10. List and describe each exhibit, including demonstrative exhibits, or document that you intend to introduce or use at trial.

ANSWER:


11. For any defenses you have asserted or plan to assert in your Answer to the Plaintiff's Complaint, please state all facts which form the basis for any defense, state the names and addresses of all witnesses who have any knowledge about this assertion, and identify by document name, date, author, and location of any and all documents, written materials, or "things" as so used in CR 34, which forms the basis for this defense.

ANSWER:


12. Please state the names and addresses of all employees or contractors who worked at the Facility identified in Plaintiff's Complaint during the Plaintiff's visit on March 18, 2008 and during the one year period prior to and since that date. For each such individual, please list the number of actual hours worked, the job title held, and their qualifications, training, work history.

ANSWER:

13. For each person identified in Interrogatory No. 12, please fully describe, any and all interactions such persons had with the Plaintiff, her husband, or any of her family members or friends on March 18, 2008, or on any other date, if any.

ANSWER:

14. Do you agree that the Plaintiff fell while at the Defendant's Facility (identified in the Complaint), on March 18, 2008? If so, please state the details of the Plaintiff's fall, in chronological order including, the time of day Plaintiff fell, how and why to your knowledge or understand the Plaintiff fell, what caused the fall, what part of Plaintiff's body struck the floor, who was attending her or otherwise responsible for her at the time, what injuries she suffered, how her fall was discovered, who discovered her fall and how, and how she was assisted thereafter and what treatment was provided to her.

ANSWER:

15. Please state the name and address of each and every individual known by Defendant, who witnessed Plaintiff's fall, as alleged in the Complaint, or who assisted her thereafter, and for each person identify and state their personal observations as regards these events.

ANSWER:

16. Please describe fully all medical treatment provided to or received by Plaintiff prior to her fall, including but not limited to the precise amount of plasma that was drawn from Plaintiff's person prior to her fall, the type of medications administered, and the process of the plasma extraction prior to her fall.

ANSWER:


17. Please fully list and identify all known side effects of plasma donation.

ANSWER:


18. Please state what acts, if any, of the Plaintiff you believe contributed to her fall, if you do.

ANSWER:


19. Please state the name, address, and position with Defendant or any related entity of the individual(s) who where responsible for implementing safety measures or protocols during the one year period prior to the date of Plaintiff's injuries.

ANSWER:


20. Please state the number of persons that were donating plasma at the Facility identified in the Complaint at the time of Plaintiff's fall and the donor-to- staff ratio at such time.

ANSWER:

21. Identify fully and completely all policies and procedures which were employed, had been adopted, or were in effect at or by you on the date of Plaintiff's fall which relate in any manner to safety protocols for donors at the Facility, one-on-one assistance to donors, donor observation and risk assessment during and after the plasma donation process, and all other similar polices designed to assure donor safety or minimize risk of injury.

ANSWER:

22. List dates, places and court file numbers of any civil actions (or if no civil action was filed, but notice of claim was received, provide such information) which have been brought or asserted either on behalf of, or against you or any of your officers, directors, owners, or employees, prior to this action, asserting or noticing ZLB Bioplasma Inc. of any claims of tortious conduct.

ANSWER:

23. Identify by name, address, and other relevant contact information all other persons who have fallen within the past five (5) calendar years while patients or clients of ZLB Bioplasma Inc. or any other entity owned, controlled, or related to ZLB Bioplasma Inc. or CLS Behring.

ANSWER:

24. Explain in detail the relationship between ZLB Bioplasma Inc. and CLS Behring.

ANSWER:

25. Please explain and identify with specificity the training process (including educational requirements and training or experience requirements) for all ZLB Bioplasma Inc. employees who are

7

charged with assisting patients or clients with plasma donation or the supervision of patients or clients at the facility.

ANSWER:

26. Was there, at the time of Plaintiff's fall, any insurance policy available and in force which would or could inure to the benefit of the Plaintiff by providing coverage for any of her injuries, and if the answer to this question is affirmative, please identify the carrier, the agent, and the amounts and limits of available coverage. If ZLB Bioplasma Inc. is self insured, please so state.

ANSWER:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

Please produce for inspection and/or copying all written policies and procedures of the Facility as identified in the Complaint (whether in the form of a handbook, memoranda, emails, or any other kind or form of written communication) for donor safety, one-on-one assistance, staff to donor ratios, and donor observation (before, during, and after plasma donation) which were in effect at the time of Plaintiff's fall.

RESPONSE:

### REQUEST NO. 2:

Please produce for inspection and/or copying any and all written policies and procedures requested in No. 1 above during the 5 year period prior to Plaintiff's fall, and during the period after

8

Plaintiff's fall, if different from those produced in response to Request No. 1.

RESPONSE:

REQUEST NO. 3:

Please produce copies of any and all documents that Plaintiff signed, initialed, or otherwise authenticated on or prior to March 18, 2008, along with any literature on plasma donation or risks associated therewith which were or should have been provided to the Plaintiff for her review on the date in question.

RESPONSE:

REQUEST NO. 4:

Please produce copies of any and all documents that Plaintiff signed, initialed, or otherwise authenticated after falling at your Facility (identified in the Complaint) on March 18, 2008.

RESPONSE:

REQUEST NO. 5:

Please produce copies of any insurance policies, including the declarations page, and all amendments, schedules, and exhibits, which may in whole or in part afford benefits or coverage to the Plaintiff or provide coverage for any claims for damages asserted in this litigation.

RESPONSE:

REQUEST NO. 6:

Produce copies of any and all statements (whether typographically or orally recorded) taken by

the Defendant from any individual which relates to or concerns the Plaintiff or the events involved in this litigation.

RESPONSE:

REQUEST NO. 7:

Please produce copies of all documents you intend to introduce at the trial in this matter.

RESPONSE:

REQUEST NO. 8:

Please produce the curriculum vitae and all reports, charts, notes, and other similar materials related to our prepared by any expert witness identified in interrogatories.

RESPONSE:

REQUEST NO. 9:

Please produce any photographs or videos of the Plaintiff, or the Facility identified in Plaintiff's Complaint that are in your possession and are related in any manner to the claims asserted in this litigation.

RESPONSE:

REQUEST NO. 10:

Please produce any and all records and charts that relate to the care or treatment of the Plaintiff, including but not limited to the administration of any mediations or the amount of plasma the Plaintiff

donated, on the date of her fall.

RESPONSE:

REQUEST NO. 11:

If not already produced in accordance with the above requests, please produce the entire contents of any file or files which contain information related in any manner to the incident alleged in this litigation. If a claim for work product or privilege is asserted as to any such documents, please identify each document claimed privileged or subject to work product, and give a summary of its contents sufficient to allow the Plaintiff to determine the nature and extent of such privilege or work product assertion.

RESPONSE:

## REQUESTS FOR ADMISSION

REQUEST NO. 1:

The Plaintiff was at a higher risk for falling while donating plasma.

RESPONSE:

REQUEST NO. 2:

At the time of her fall, Plaintiff was not being escorted or assisted by any ZLB employee.

RESPONSE:

REQUEST NO. 3:

At the time of her fall, Plaintiff was under the custody and control of ZLB Plasma for the purpose of plasma donation.

**RESPONSE:**

Respectfully Submitted:

Cooper & Friedman, PLLC

_____
MICHAEL A. LOESEVITZ
1448 Gardiner Lane
Suites 301-303
Louisville, KY 40213
(502) 459-7555
(502) 451-1698 (fax)
*Counsel for the Plaintiff*

## CERTIFICATE

This is to certify that a true copy hereof was mailed via certified mail, along with the Complaint and Summons pursuant to CR 33.01(1), CR 34.02(1), and CR 36.01(1), and further served upon Lauren Neal, Senior Counsel for CLS Behring, at 1020 First Avenue, King of Prussia, PA, 19406-0901 on this the 29th day of October, 2008.

_____
COUNSEL FOR PLAINTIFF