UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-624-H

CALICIA MAZE                                                                                                           PLAINTIFF

V.

ZLB BIOPLASMA, INC.                                                                                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Calicia Maze, brings this negligence action claiming that Defendant, ZLB Bioplasma, Inc., breached its duty of care when it failed to assist her in walking to the restroom while she was donating plasma, causing Plaintiff to fall and sustain injuries. Defendant responds, in part, by arguing that Plaintiff's own negligence played a role in her accident. According to Defendant, Plaintiff was warned that plasma donation can cause dizziness, fainting and loss of consciousness, yet Plaintiff insisted upon stopping the donation process at its mid-point and walking to the restroom without seeking assistance. At this time, Plaintiff moves to exclude all evidence related to the consent forms Plaintiff filled out before donating and any testimony from Defendant's proposed expert, Dr. Kathleen Sazama.

Plaintiff contends that the consent forms and any argument related to them are irrelevant to this case because "informed consent" is not a defense to a medical negligence claim. Although Plaintiff's supporting case law is entirely from foreign jurisdictions, the Court is confident that Kentucky Courts would agree that "informed consent" is not a defense to a medical negligence lawsuit. However, that point of law is inapplicable in this case. Here,

1

Defendant does not seek to use "informed consent" as an affirmative to defense.[1] Rather, Defendant argues comparative fault, specifically that Plaintiff was aware of the danger of losing consciousness and, thus, acted unreasonably by proceeding to the restroom mid-procedure without requesting assistance. While Defendant's theory may not carry the day, it appears legitimate at this time. Therefore, the Court will not exclude the testimony relating to the consent forms to the extent those forms detail the warnings given to Plaintiff. If appropriate, however, the Court may instruct the jury that it cannot consider Plaintiff's actual *consent* in determining her own negligence; the jury may only consider whether Plaintiff acted as a reasonable person would have acted under similar circumstances, including knowledge of the warnings Plaintiff received.

Plaintiff's more specific motion, to exclude the testimony of Dr. Sazama, has more merit. From her expert report, it appears that Defendant offers Dr. Sazama for two reasons: (1) to explain that the consent form given by Defendant complies with all FDA requirements; and (2) to give an opinion that by warning of the danger of losing consciousness, the form impliedly warned of the danger of falling down. The first opinion of Dr. Sazama is irrelevant. Because the consent forms are only being used to show the warnings given Plaintiff and whether Plaintiff acted reasonably in light of them, the fact that those warnings met FDA requirements does not matter. The second opinion is unhelpful. In order to be admissible, expert opinion testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R.

---

[1] Certainly, Defendant could not use "informed consent" as an affirmative defense to a negligence action. Informed consent is, in essence, a defense to a battery claim where the plaintiff argues that the doctor performed a procedure without her permission. On the other hand, where the plaintiff argues that the doctor negligently performed a requested procedure, the fact that the plaintiff consented to the procedure does not negate the doctor's negligence; the plaintiff did not consent to having the procedure performed negligently.

Evid. 702. Any juror can reach the conclusion that warning of possible loss of consciousness implies a warning of falling. There is no expertise necessary or helpful for such an opinion. Thus, Dr. Sazama's testimony will be excluded.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Exclude Testimony is SUSTAINED IN PART and DENIED IN PART. Dr. Sazama's testimony relating to the sufficiency of the consent forms will be excluded. Testimony relating to the forms themselves will be admissible to the extent it establishes warnings given to Plaintiff that reflect on her comparative fault.

cc: Counsel of Record